IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| DARREN C. DEMARIE,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN A.W. HAMILTON, ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 25-106-BLG-DWM<br><br>ORDER |

This case comes before the Court on a document filed by pro se prisoner Darren C. DeMarie ("DeMarie") seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 1.) DeMarie also seeks leave of the Court to proceed in forma pauperis. (Doc. 2.) Although he has not provided a copy of his inmate account statement, there is no reason to delay this matter further. The motion to proceed in forma pauperis will be granted.

**Background**

DeMarie challenges a 1992 judgment of conviction for deliberate homicide handed down in Montana's Thirteenth Judicial District, Yellowstone County. (Doc. 1 at 1.) DeMarie was sentenced to the Montana State Prison for a term of

1

100 years. DeMarie's primary contention is that he was never informed by the trial court, or his court appointed counsel of his right to be indicted by a grand jury for his capital offense. (*Id.* at 1-2.) He asserts that the prosecutor's decision to proceed against him by seeking leave to file an information violated his federal constitutional rights. (*Id.* at 2-3.) By virtue of his criminal proceedings being initiated by information, DeMarie goes on to argue that his conviction is void. (*Id.* at 4-21.) DeMarie suggests that the State of Montana's manner or charging him violated his right to substantive due process and that the state lacked subject matter jurisdiction over his proceedings. (*Id.* at 22-27.)

DeMarie asks this Court to order his immediate release from prison and enter an order dismissing all charges stemming from his deliberate homicide conviction. (*Id.* at 28.)

Last year, DeMarie filed a petition for habeas corpus relief in the Montana Supreme Court challenging his 1992 conviction. *See, DeMarie v. Godfrey*, OP 24-0657, Or. (Mont. Aug. 27, 2024.) There, DeMarie argued that he was "improperly prosecuted" when the state failed to indict him via a grand jury, and he never signed a "Waiver of Indictment by Grand Jury." *Id.* at *1. Because of this purported failure, DeMarie asserted that his deliberate homicide conviction could not stand, and he requested dismissal of the charges. *Id.* at *2.

The Montana Supreme Court stated that it had heard the same argument

before and went on to note that over a decade ago, it was explained that the U.S. Constitution's "Fifth Amendment's grand jury requirement has not been construed to apply to the states." *Id.* (*citing State v. Montgomery*, 2015 MT 151, ¶ 9, 379 Mont. 353, 350 P. 3d 77). The Court found that the state district court had subject matter jurisdiction over DeMarie's criminal case. Further, it was determined that DeMarie had been prosecuted according to Montana's Constitution and applicable statutory scheme, which provided for filing an application that included an information for leave of court along with an affidavit supported by evidence. *Id.* at 2-3 (*citing* Section 46-11-201(2), MCA (1989); Mont. Const. art. II, §201; §§46-11-101(3), and 46-11-102(1), MCA)). Because DeMarie had no right to indictment by grand jury, the state had no corresponding duty to obtain DeMaire's waiver of his right to indictment by grand jury. *DeMarie*, OP 24-0657, Or. at *3. Further, the Court determined DeMarie's sentence was legal, that he was properly prosecuted, and his conviction was not void. The matter was denied and dismissed. *Id.*

As set forth above, in the instant matter DeMarie advances a similar argument as to that presented in the Montana Supreme Court. Primarily, he claims that his constitutional right to be prosecuted by a grand jury was denied, in violation of the Fifth Amendment.

//

3

**Analysis**

As a preliminary matter, the petition appears to be filed more than 30 years too late.[1] But setting aside the untimeliness of the filing, DeMarie's claim is wholly lacking in merit. The Fifth Amendment Grand Jury Clause, which guarantees indictment by grand jury in federal prosecutions, was not incorporated by the Fourteenth Amendment to apply to the states. *See, Branzburg v. Hayes*, 408 U.S. 665, 687-88 n. 25 (1972) (noting that "indictment by grand jury is not part of the due process of law guaranteed to state criminal defendants by the Fourteenth Amendment"); *Hurtado v. California*, 110 U.S. 516, 535 (holding that the Fourteenth Amendment did not incorporate the Fifth Amendment right to a grand jury); *see also Rose v. Mitchell*, 443 U.S. 545, 557 n. 7 (1979); *Gerstein v. Pugh*, 420 U.S. 103, 118-119 (1975); *Alexander v. Louisiana*, 405 U.S. 625, 633 (1972); *Beck v. Washington*, 369 U.S. 541, 545 (1962); *Gaines v. Washington*, 227 U.S. 81, 86 (1928). Thus, to the extent that DeMarie believes he was constitutionally entitled to indictment by a grand jury in his state matter, and that his constitutional rights were violated when he was prosecuted via information, he is mistaken. This Court has consistently rejected such a claim as frivolous and wholly lacking in

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a one-year limitations period applies to petitions filed by state prisoners under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244.

4

substantive merit.[2] DeMarie's associated claims that his judgment is void and that the State of Montana lacked subject matter jurisdiction over his criminal proceedings likewise find no support in the law. Accordingly, DeMarie's petition will be denied.

**Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. §

---

[2] *See e.g., Ayers v. Kirkegard*, CV-14-110-BLG-DLC, 2015 WL 268870, at 2 (D. Mont. Jan. 21, 2015)(granting a motion to file an information "does not make a judge part of the accusatory process any more than issuing a search warrant makes a judge part of the investigative process"); *Smith v. Frink*, CV-14-83-M-DLC, Or. at 3 (D. Mont. May 19, 2014)(prosecution via information is entirely consistent with federal guarantees of due process); *Stewart v. Green*, CV-15-36-BU-DLC, Or. at 3 (D. Mont. Sept. 19, 2016) (pretrial procedure proper under Montana's Constitution and charging statutes; no violation of the Fifth Amendment); *Dunsmore v. State*, CV-15-95-M-DLC, Or. at 2-3 (D. Mont. Dec. 20, 2016)(claim of ineffective assistance of appellate counsel frivolous because charging cases in Montana by information rather than by grand jury has been found to be constitutional; claimed Fifth Amendment violation regarding indictment by grand jury frivolous because the Fifth Amendment not incorporated to the states); *MacGregor v. McTighe*, CV-18-58-H-DLC, Or. at 4-5 (D. Mont. Jan. 15, 2019)(appellate counsel was not ineffective for failing to raise frivolous Fifth Amendment claim); *Haithcox v. Salmonsen*, CV-21-46-H-BMM, Or. at 3-4 (D. Mont. March 10, 2022)(rejecting grand jury argument and finding state's information charging procedure to be lawful and authorized under state law); *Christopher v. Salmonsen*, CV 23-86-M-DLC, Or. at 3-6 (D. Mont. Nov. 2, 2023)(rejecting Fifth Amendment grand jury claim as frivolous); *Laverdure v. Salmonsen*, CV-24-137-M-DMM, Or. at 4-5 (D. Mont. Oct. 18, 2024)(petitioner not constitutionally entitled to indictment by grand jury); *Bagnell v. Godfrey*, CV-24-166-M-DWM, Or. at 4-5 (D. Mont. Dec. 4, 2024)(rejecting Fifth Amendment claim as frivolous); *Borra v. Godfrey*, CV 24-109-GF-DWM, Or. at 3-5 (D. Mont. Jan. 2, 2025)( Fifth Amendment claim lacking in substantive merit); *In re: Godfrey*, CV-25-64-M-DLC, Ord. at 2-3 (D. Mont. May 5, 2025)(Fifth Amendment claim wholly lacking in merit).

2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

A certificate of appealability will be denied because DeMarie's Fifth Amendment challenge and associated claims wholly lack merit. Accordingly, there is no basis to encourage further proceedings at this time.

Based upon the foregoing, the Court enters the following:

## ORDER

**1.** DeMarie's Petition (Doc. 1) is **DENIED.**

2. DeMarie's Motion to Proceed in forma pauperis (Doc. 2) is **GRANTED.** The Clerk of Court is directed to waive payment of the filing fee.

3. The Clerk of Court is directed to enter, by separate document, a judgment of dismissal.

4. A certificate of appealability is DENIED.

DATED this 2nd day of ~~August~~ September, 2025.

Donald W. Molloy, District Judge
United States District Court

6